**A. Douglas THOMPSON, Plaintiff,**

v.

**The CITY OF PORTLAND, et al., Defendants.**

**Civ. No. 83–0028–P.**

United States District Court,
D. Maine.

July 10, 1985.

Robert H. Avaunt, Zuckerman & Avaunt, Gray, Me., for plaintiff.

William J. Kayatta, Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for individual defendants.

Charles A. Lane, Corp. Counsel, Portland, Me., for City of Portland.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS

GENE CARTER, District Judge.

### I.

At the end of the presentation of the Plaintiff's case-in-chief, this Court granted in part and denied in part Defendants' motion to dismiss the complaint under Fed.R. Civ.P. 41(b). The Court found the facts concerning the civil rights claims against Portland Police Chief Amoroso and the City of Portland and dismissed those claims. Now, after the presentation of all the evidence, the remaining Defendants have renewed their motion to dismiss the claims brought against them.[1]

For the reasons stated in its bench ruling on the initial motion to dismiss, the Court denies the renewed motion to dismiss the state law claims for false arrest, false imprisonment, and use of excessive force by the police.

### II.

█ Defendants also urge that the Court dismiss the Plaintiff's civil rights claims on the ground that there has been no constitutional violation. The United States Supreme Court has held that neither negligent nor intentional deprivations of *property* interests provide a basis for a procedural due process claim where the state provides an adequate post-deprivation remedy and where pre-deprivation hearings are impractical. *Hudson v. Palmer,* —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Although the Supreme Court has not squarely addressed

---

1. The Court's resolution of the merits of the case will await full briefing if such briefing is desired by the parties.

the issue, Defendants argue that the *Hudson-Parratt* reasoning also applies to deprivations of liberty such as those alleged in this case. Adopting the reasoning applied by several federal courts, Defendants state that the *Hudson* Court reiterated that *Parratt* was based in part on an earlier decision in which the plaintiff had charged deprivation of liberty interests. *See, e.g. Thibodeaux v. Bordelon*, 740 F.2d 329, 336–37 (5th Cir.1984); *Hicks v. Feeney*, 596 F.Supp. 1504, 1510–11 (D.Del.1984).

In a recent case involving § 1983 claims for use of excessive force by the police, the Court of Appeals for the First Circuit noted "the mists that presently envelop this area of the law." *Voutour v. Vitale, et al.*, 761 F.2d 812, 818 (1st Cir.1985). In its lengthy footnote, the Court stated in pertinent part:

> It is yet unclear whether this approach will be applied to deprivations of life or liberty under the fourteenth amendment.... Some courts have begun to do so ... even in cases such as the present involving use of excessive force in an attempted arrest....
>
> Plaintiff has relied on *Parratt* to argue that *negligence* provides a basis of recovery under section 1983. But we cannot apply that aspect of *Parratt* without also looking into *Parratt's* primary teaching, *i.e.*, asking whether the existence of an adequate state negligence remedy affords sufficient process to vitiate any section 1983 claim here. A case can be made for such a result, bearing in mind that Wheeler himself committed no violence against Voutour, being linked to the shooting solely by alleged negligence. If section 1983 is to be reserved for violations of civil rights as commonly understood, it might be reasonable to hold that although Vitale's [the officer who shot plaintiff] use of excessive force, if proven, violated section 1983, Wheeler's unwitting negligence did not.

*Id.* at 818, n. 4 (citations omitted). The Court did not resolve the question of the partial or total applicability of *Parratt* because another ground of decision was available.

In a concurring opinion, Judge Bownes specifically objected to the suggestion that state negligence remedies afford sufficient process for negligent deprivations of life or liberty:

> I do not believe that *Parratt* should be extended beyond deprivations of property. *See Parratt*, 451 U.S. at 545 [101 S.Ct. at 1918] (Blackmun, J., concurring); *Hudson v. Palmer* [—— U.S. ——, ——, n. 4, 104 S.Ct. 3194, 3197, n. 4, 82 L.Ed.2d 393] 52 U.S.L.W. 5052, 5058, n. 4 (U.S. July 3, 1984) (Stevens, J., concurring in part and dissenting in part). Life and liberty interests are such that due process cannot be satisfied procedurally by the provision of post-deprivation remedies. At some point, "procedural due process shades into substantive due process, and *Parratt* becomes inapplicable." *Thibodeaux v. Bordelon*, 740 F.2d 329, 338–39, n. 9 (5th Cir.1984).

*Id.* at 826 (Bownes, J. concurring).

The Court agrees with Judge Bownes' perception of the important distinction between deprivations of property interests and deprivation of life and liberty interests. Accordingly, the Court will deny Defendants' motion to dismiss the section 1983 claims, which is based on the assertion that there can be no constitutional violation under the circumstances of this case.

### III.

■ Defendants argue persuasively, however, that they are entitled to qualified immunity from the 1983 claims to the extent that they are based on the alleged warrantless arrest without probable cause. In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) the Supreme Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable

person would have known." *Id.* at 818, 102 S.Ct. at 2738. In an opinion issued shortly after the trial in this case, the Court of Appeals for the First Circuit held that in the case of a section 1983 claim arising out of a warrantless arrest, the qualified immunity afforded by *Harlow* "is pierced only if there clearly was no probable cause at the time the arrest was made." *Floyd v. Farrell,* 765 F.2d 1 (1st Cir.1985). As the Court stated in its bench ruling, the factual issues concerning the alleged false arrest of Plaintiff are extremely close. In such a situation the qualified immunity of the officer is not pierced because the existence of probable cause to arrest Plaintiff is subject to legitimate debate and reasonable disagreement. Therefore, to the extent that Plaintiff's section 1983 claims are based on allegations of his arrest without probable cause, they are dismissed.

### IV.

■ Plaintiff, Defendants and the Court appear to be in agreement that under the most recent pronouncement of Maine law on the issue, Plaintiff is not entitled to punitive damages on his state law claims. *Tuttle v. Raymond,* 494 A.2d 1353 (Me. 1985). *Tuttle* requires a showing of malice for an award of punitive damages, and there has been no such showing. For the reasons stated in the bench ruling, however, the Court will not dismiss the punitive damages element of the remaining section 1983 claims.

Accordingly, it is ORDERED that Defendants' Motion to Dismiss Plaintiff's section 1983 claims is granted to the extent that those claims are based on the alleged arrest of Plaintiff without probable cause.

It is FURTHER ORDERED that Plaintiff's claims for punitive damages for his alleged state law injuries are hereby DISMISSED.

In all other respects Defendants' Renewed Motion to Dismiss is DENIED.

So ORDERED.